**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BRIAN SCOTT REID, SR.,

    Petitioner - Appellant,

v.

ROBERT POWELL,

    Respondent - Appellee.

No. 23-4130
(D.C. No. 2:21-CV-00470-RJS)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Petitioner Brian Scott Reid, Sr., a Utah state prisoner proceeding pro se,[1] seeks a Certificate of Appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. §2254 petition for writ of habeas corpus, and further asks that we reverse the district judge's denial of his motion to recuse. We deny Mr. Reid's request for a COA, affirm the district court's recusal decision, and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Reid proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

# I.   BACKGROUND

On December 3, 2015, in Utah state court, a jury convicted Mr. Reid of rape, forcible sodomy, forcible sexual abuse, and witness tampering. Mr. Reid then filed a pro se motion to arrest judgment alleging, in part, ineffective assistance of trial counsel. *Id.* at 79–82. After trial counsel withdrew and conflict counsel was appointed, conflict counsel filed a motion to arrest judgment and withdrew Mr. Reid's pro se motion. *Id.* at 85. The trial court denied the motion on April 26, 2016.

On May 6, 2016, Mr. Reid was sentenced to serve an indeterminate sentence of five years to life. Mr. Reid then timely appealed, alleging he received ineffective assistance of counsel from his trial lawyer.

On direct appeal, the Utah Court of Appeals rejected Mr. Reid's claims. *State v. Reid*, 427 P.3d 1261 (Utah Ct. App. 2018). Mr. Reid timely filed a pro se petition for writ of certiorari with the Supreme Court of Utah, which was denied on November 23, 2018. *State v. Reid*, 432 P.3d 1225 (Utah 2018).

On November 25, 2019, Mr. Reid timely filed a state post-conviction petition under Utah's Post-Conviction Remedies Act (PCRA). Mr. Reid raised eleven grounds for relief—a mixture of ineffective assistance of counsel claims (as to his trial lawyer, his conflict counsel, and his counsel for his direct appeal) and claims against the police officers who arrested him, the court who convicted him, and the prosecutor who prosecuted him. He also asserted an actual innocence claim.

The state post-conviction court granted summary judgment against Mr. Reid because his claims were either (1) procedurally barred (i.e., they either were, or could

have been but were not, raised at trial or on direct appeal), or (2) inadequately pleaded. *Id.* at 227–32. With respect to Mr. Reid's factual innocence claim, the state post-conviction court granted summary judgment on grounds that such claim must be raised in a separate petition under Part 4 of PCRA. Utah Code § 78B-9-104(3). Finally, with respect to Mr. Reid's claims for ineffective assistance of appellate counsel, the court granted summary judgment against him on grounds that his allegations of deficient performance were too "conclusory." ROA at 231.

Mr. Reid then timely sought appellate review of the state post-conviction court's rulings. The appellate court found that Mr. Reid's briefing "largely ignore[d] the posture of this case on appeal," and as a result he had not "properly challenged the district court's determinations that he failed to demonstrate a dispute of material fact or that his claims were barred as a matter of law." *Id.* at 212–13. The appellate court thus affirmed the post-conviction court's order in full because Mr. Reid did not "carry his burden of persuasion on appeal." *Id.* at 214. Mr. Reid then timely petitioned for certiorari, which the Supreme Court of Utah denied.

Mr. Reid then filed a habeas petition in federal district court on July 30, 2021, in which he raised thirteen separate claims as follows:

1. The prosecutor obtained Mr. Reid's conviction through rampant misconduct;

2. The prosecutor obtained Mr. Reid's conviction through suppression of the clerk's certificate, transcripts, and record;

3. Mr. Reid was without effective counsel during critical stages of the criminal proceedings; and Mr. Reid was denied his constitutional right to self-representation;

4. The conviction was obtained by the unconstitutional denial of the effective assistance of court-appointed counsel;

5. Court-appointed conflict counsel was ineffective;

6. Mr. Reid received ineffective assistance of trial counsel;

7. The conviction was obtained through prosecutorial misconduct;

8. The state unlawfully arrested and detained Mr. Reid without a warrant or probable cause, in violation of due process, causing Mr. Reid to suffer extreme emotional distress;

9. Mr. Reid is actually innocent of all charges;

10. The trial court committed numerous errors and acted with prejudice;

11. Mr. Reid's court-appointed appellate counsel was ineffective;

12. Mr. Reid was denied access to the court record, violating his due process rights, because it was provided in an unreadable format;

13. The "lower courts" denied Mr. Reid his right to present a complete defense by denying his requests for an evidentiary hearing.

On January 24, 2022, Mr. Reid moved to disqualify the presiding federal district court judge on grounds that he had displayed bias against Mr. Reid during an earlier jury trial over which the judge presided. The district court denied that motion and declined to recuse on July 29, 2022.

After the state moved to dismiss the habeas petition in full and the motion became fully briefed, on September 1, 2023, the district court dismissed Mr. Reid's habeas petition with prejudice, concluding that each of Mr. Reid's claims was procedurally defaulted. The district court further concluded Mr. Reid could not establish the "cause" and "prejudice" or the "miscarriage of justice" necessary to overcome such procedural defaults. *Id.* at 1009–14. Mr. Reid timely appealed that dismissal order.[2]

## II.    LEGAL STANDARD

Absent a COA, we are without jurisdiction to review a petition for a writ of habeas corpus. *Miller-El v Cockrell*, 537 U.S. 322, 335–36 (2003). Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." When, as here, a district court has denied a § 2254 petition on procedural grounds without reaching the petition's merits, a COA will issue only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2] Mr. Reid neglected to file a notice of appeal within the thirty days prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A). But Mr. Reid quickly moved the district court for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A). The district court found that both elements of that rule were met— the motion for extension was filed within thirty days after the time prescribed by Rule 4(a) expired, and Mr. Reid's homelessness, among other impediments, during this period amounted to excusable neglect. The district court thus granted Mr. Reid an extension of time, thereby rendering his notice of appeal timely and our ability to entertain his request for a COA proper.

### III.    ANALYSIS

On appeal, Mr. Reid asserts three "claims of error." We briefly review each one in turn below and conclude that (1) Mr. Reid has not demonstrated his entitlement to a COA, and (2) the district court did not abuse its discretion in denying his recusal motion.

#### A.    Mr. Reid's First "Claim of Error"

Mr. Reid's first argument appears to assert that the state court in which he was convicted did not have jurisdiction over him. From our review of the record, it appears that this is the first time Mr. Reid has made such an argument. He did not present it to the federal district court in his instant habeas petition, and we will not entertain it for the first time here. Mr. Reid is not entitled to a COA on this newly advanced claim.

#### B.    Mr. Reid's Second "Claim of Error"

Mr. Reid's second argument is that the federal district court judge—Judge Robert Shelby—should have recused himself when Mr. Reid so moved the court. An "order denying recusal under 28 U.S.C. § 455 is a collateral order that does not require a COA for appeal." *United States v. McIntosh*, 723 F. App'x 613, 616 (10th Cir. 2018) (per curiam) (unpublished) (citing *Harbison v. Bell*, 556 U.S. 180, 183 (2009)). We thus deny a COA as unnecessary for this assignment of error.

We review the denial of a recusal motion for an abuse of discretion. *See United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017).

Mr. Reid moved to recuse Judge Shelby on grounds that Judge Shelby had presided over a trial in 2012 in an action brought by Mr. Reid against his employer. In declining to recuse, Judge Shelby concluded that Mr. Reid's complaints all arose from

Judge Shelby's rulings in that trial. In particular, Mr. Reid asserts that an evidentiary ruling Judge Shelby made in that action—barring him from testifying that he was the only Black employee of the defendant—was evidence of the judge's disdain for and racial bias against Mr. Reid.

Judge Shelby denied the motion, relying on well-settled precedent that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

The purportedly adverse ruling in Mr. Reid's prior civil trial, based on the facts and law presented there, do not suffice to show that someone could reasonably harbor doubts about the judge's impartiality in these habeas proceedings. Judge Shelby did not abuse his discretion in denying Mr. Reid's motion to recuse.

### C.    Mr. Reid's Third "Claim of Error"

As best we can discern, Mr. Reid's third "claim of error" relates to the many ineffective assistance of counsel claims he has advanced in the state courts and now in the federal courts, for example, complaining that "none of these attorneys marshalled the evidence properly." Pet'r's Br. at 8. But although Mr. Reid's application for a COA focuses on the merits of his alleged claims, the district court found only that "[a]ll of [Mr. Reid's] claims are procedurally defaulted." ROA at 1007. Mr. Reid does not discuss the district court's procedural rulings at all, let alone attempt to show that reasonable

jurists could debate the district court's resolution of them. His failure to do so is fatal to his request for a COA. *See Slack*, 529 U.S. at 484.

## IV.    CONCLUSION

We DENY Mr. Reid a COA, AFFIRM the district court's denial of Mr. Reid's recusal motion, and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge